﻿Citation Nr: 18142030
Decision Date: 10/12/18 Archive Date: 10/12/18

DOCKET NO. 14-31 207
DATE: October 12, 2018

Service connection for a heart disability is granted. 
Service connection for right-hand tremor is denied. 
Service connection for left-hand tremor is denied. 
FINDINGS OF FACT
1. The Veteran’s heart disability is related to his service connected posttraumatic stress disorder. 
2. The Veteran does not have a right-hand disorder that is related attributable to his active military service. 
3. The Veteran does not have a left-hand disorder that is related attributable to his active military service. 
CONCLUSIONS OF LAW
1. The criteria for service connection for a heart disability have been met. 38 U.S.C. §§ 1110, 1116, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.310 (2017). 
2. The Veteran does not have right hand tremors that are the result of disease or injury incurred in or aggravated by active military service. 38 U.S.C. §§ 1101, 1110, 5107 (2012); 38 C.F.R. §§ 3.303, 3.304 (2017).
3. The Veteran does not have left hand tremors that are the result of disease or injury incurred in or aggravated by active military service. 38 U.S.C. §§ 1101, 1110, 5107 (2012); 38 C.F.R. §§ 3.303, 3.304 (2017).
REASONS AND BASES FOR FINDINGS AND CONCLUSIONS
The Veteran served on active duty in the United States Air Force from October 1969 to February 1970. The Veteran died in April 2017 and his surviving spouse was substituted as the Appellant in this appeal.
In August 2015, the Veteran testified at a videoconference hearing before the undersigned Veterans Law Judge (VLJ). 
Service Connection
Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by service. See 38 U.S.C. § 1110, 1131; 38 C.F.R. § 3.303 (a). To substantiate a claim of service connection, there must be evidence of (1) a current disability (for which service connection is sought); (2) incurrence or aggravation of a disease or injury in service; and (3) a causal connection between the disease or injury in service and the current disability. See Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004). Service connection may also be granted for a disability that is proximately due to, or aggravated by, service-connected disease or injury. See 38 C.F.R. § 3.310. 
1. HEART DISORDER
The Appellant has asserted entitlement to service connection for a heart disorder to include hypertension, that is either directly related to the Veteran’s active military service or to related to his service connected PTSD, hearing loss, tinnitus or that he Veteran exposed to herbicides in service. 
In June 2018, the Veteran’s service treatment records as well as his medical file was reviewed by a VA examiner to determine the etiology of the Veteran’s claimed heart disorder, including his diagnosed hypertension. The examiner did note that the pathogenesis of benign essential hypertension is unknown, but known risk factors include advancing age and obesity, both of which affected the Veteran. However, The VA examiner commented that the submitted articles support a relationship between PTSD and heart disease. The examiner went on to comment that the effects of PTSD on heart disease remained strong even after researchers accounted for lifestyle factors; and major depression and psychiatric diagnoses. Further, the examiner noted that evidence suggest that heart disease may be due to physiological changes, not lifestyle factors. Indeed, on this basis, VA granted service connection for the cause of the Veteran’s death. Thus, the Board concludes that service connection for a heart disability, secondary to his service connected PTSD is warranted. 38 U.S.C. § 5107 (b); 38 C.F.R. § 3.102.
2. BILATERAL HAND TREMBLING
The Veteran asserted entitlement to service connection for bilateral hand tremor. He noted at his hearing that this disability was diagnosed in 2014, many years after service discharge; however, he still believes that his disability is related to service including water and soil contamination. The Veteran submitted articles discussing water contamination, but these articles do not relate directly to the Veteran or his diagnosis. 
In June 2018, the Veteran’s service treatment records as well as his medical file was reviewed by a VA examiner. The examiner noted that the Veteran was diagnosed with a bilateral essential tremor in 2016, more than 46 years after service discharge. There was no other neurological diagnosis provided. The Veteran’s private physician noted at the time of the diagnosis, that the Veteran was found to have a several-year history of intentional and action hand tremors but denied numbness or tingling. The VA examiner noted that there was no diagnosis of peripheral neuropathy or Parkinson’s Disease. The VA examiner concluded that it appeared that he Veteran was diagnosed in 2016 with a benign essential tremor without any evidence of a neurological impairment. The examiner also noted that the Veteran denied a hand tremor at the PCP clinic in April 2017 and his more contemporaneous medical records did not contain a mention of a tremor. The examiner concluded that assuming that the Veteran had a clinically recognizable essential tremor at the time of his death, it is less likely than not that this was related to or had its onset during service. The examiner did consider contentions made by the Appellant and the Veteran regarding unverified chemical agents that he may have come into contact with during his active military service. 
 

As such even though the Veteran was diagnosed with a bilateral hand tremor, there is insufficient evidence of record linking his diagnosis to his active military service. As such, the Board has found that there is no basis upon which to grant this claim. 
 
STEVEN D. REISS
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD K. Anderson